### L. M. SENNETT v. THE STATE.

See this case for an indictment that was held sufficiently certain after judgment, for failure on the part of an Overseer of a Road, to measure and put up mile posts, &c., on his part of the road.

Where an Overseer of a Road is indicted for failing, for the period of six months, to measure and put up mile posts upon the part of the road within his precinct, in continuation, and to mark upon such posts in plain figures the distance from the County Seat, or other noted place or town, if the fact be that the road has not been measured and marked by other Overseers, within their respective precincts, so as to enable the defendant to measure and mark his part, it lies with the defendant to prove such fact; the State is not bound to prove, in the first instance, that the road has been so measured and marked.

Appeal from Anderson. Tried below before the Hon. John H. Reagan.

Indictment against appellant, charging that said defendant then and there being Overseer of a certain public road leading from Kickapoo to Duval's Ferrry on the Neches, did then and there, wilfully, knowingly and negligently, fail to measure such parts of said road as falls within his precinct, in continuation, and to set up posts at the end of each mile leading from the courthouse, or other noted place or town, and to mark on

the said posts in large legible figures, the distance in miles to said courthouse, or other noted place, within six months after his appointment as such Overseer, &c.

The statement of facts was as follows : It was admitted that the road leading from Kickapoo to Duval's Ferry was a public road, and that the defendant was at the time stated in the indictment, and had been for six months previously, Overseer of that part of said road leading from Kickapoo to said Ferry. The State proved that defendant failed to measure or put up mile posts on the road from Kickapoo to Duval's Ferry ; and that the distance from Kickapoo to Duval's Ferry was three miles and a half.

The Judge charged the jury as follows :

If you believe from the evidence that the defendant, after six months from the date of his appointment as Overseer, failed and neglected to measure or cause to be measured, in continuation, his road, and put up posts at the end of each mile, and mark thereon in plain letters and figures the distance from the county seat or other noted place or town, you should find him guilty ; otherwise, you should find him not guilty.

And it was not necessary for the State to prove that the other portions of the road extending to his precinct, had been measured in continuation, so as to enable him to continue the measurement. This is a matter of defence, and it devolved on him to prove the fact, to authorize an acquittal on that ground.

The defendant objected to the charge so given, and requested the Court to instruct the jury that the burthen of proof was on the State.

Conviction ; fine, $5. Motion in arrest of judgment, on the ground that it was uncertain from the indictment whether the road lead from the courthouse or any other noted place or town. Overruled.

R. A. Reeves, for appellant. I.—The offence alleged in the indictment is not charged with sufficient legal certainty. (See

1 Archibald's Cr. Plead., 178—31, Note (2) ; Id. 85—2, 87—1.)

II.—It is uncertain from the indictment, whether the road over which it is alleged that the defendant is Overseer, leads from the courthouse, or some other place or town ; and if any other place or town, it is not alleged that the same is a noted place or town. (See above authorities; also, same book, p. 90 ; 2. See also Act 1854, Sec. 19, p. 41.)

III.—As every one is presumed to act legally until the contrary is made to appear, the burthen of proof is on the prosecution ; and though the offence may consist of a negative, the prosecution must prove it. Hence the Court erred in refusing the instruction asked by the defendant. (See Arch'd Cr. Pl. 117—2 ; 118 and notes.)

*Attorney General*, for appellee. The 69th Section of the revisory Criminal Act of Feb. 9th, 1854, (Acts, p. 70,) declares that " Judgment in any criminal case, after verdict, shall not " be arrested or reversed upon any exception to the indict- " ment or other accusation, if the offence be charged with " sufficient certainty for judgment to be given thereon, accord- " ing to the very right of the case."

We think there can scarce be a question of the correctness of the ruling of the Court as to the burthen of proof. The substance of the charge is, that defendant did not measure and mile-mark his part of the road ; that is, that he did not do the required things at all. Now if he could not do so because other parts were not measured up to his, if this would have furnished a defence, it would certainly have only done so as an excuse for not doing what the *prima facie* case made out by the State, would otherwise have held him responsible for not doing.

WHEELER, J. It is objected that the indictment is not sufficiently certain, in that it does not state that the road, of which the defendant is Overseer, lead from the courthouse, or

any other, or what "noted" place. It is averred, however, that it is a public road ; that the part of it of which the defendant was Overseer, leads from Kickapoo to Duval's Ferry ; and the indictment negatives by averment, the defendant's having performed the duty enjoined by the statute, (Feb. 4, 1854, Sec. 19,) by continuing the measurement of the road, &c., either from the courthouse, or any other place, which may have been the starting point in the measurement of the road. It describes the road and the breach of duty with such certainty, as to notify the defendant of the precise facts constituting the offence of which he is charged ; and that is all the certainty that can be required. The reason of the rule which requires that criminal proceedings be construed strictly, does not apply with peculiar force to this case, the penalty for the breach of duty being but five dollars.

The breach of duty was fully made out by the proof. But if the evidence were insufficient, that was a ground for a motion for a new trial, and not of a motion in arrest of judgment.

The late Act (of Feb. 9th, 1854, Sec. 69,) declares that "judgment in criminal cases, after verdict, shall not be ar-"rested or reversed upon any exception to the indictment or " other accusation, if the offence be charged with sufficient cer-" tainty for judgment to be given thereon, according to the " very right of the case." There is no doubt that the offence was so charged in the present indictment. It was not neces-sary that the indictment should allege that the road, which is averred to be a public road, led to or from the courthouse or any other "noted place, or town." The law requires that Overseers of all public roads shall "measure such parts of roads as fall within their respective precincts." (Act of Feb. 4th, 1854, Sec. 19.) The indictment negatives the peformance of this duty by the defendant, by averments which preclude any argument, inference or presumption to the contrary. If the defendant was prevented by the failure of other Overseers

to perform their duty, it devolved on him to show it; for the presumption is that each of them has done what appertained to his duty, until the contrary appears.

There is no error in the judgment, and it is affirmed.

Judgment affirmed.